**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | | |
|---|---|---|
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  JFM 02 CV 3982** |
| | ) | |
| | ) | |
| **BILL McCALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE AND
MOTION FOR AN ORDER OF PUBLICATION**

Plaintiff Federal Express Corporation ("FedEx") hereby submits this response to the

Court's Order to Show Cause and explains why the Complaint should not be dismissed for

failure to effect service on defendant Bill McCall ("McCall").  Furthermore, and for the same

reasons, FedEx moves this Court for leave to serve the complaint in this matter upon McCall by

publication.  FedEx has, after diligent attempts, been unable to serve McCall by other means

authorized by statute.

Procedural History

FedEx filed the Complaint on December 10, 2002.  The Complaint alleges that a certain

website, <<fedexcom.com>>, infringes upon FedEx's statutory and common law rights.

According to the registration information available from Register.com, the website's registrar,

Bill McCall owns the website.  For Bill McCall's contact information, Register.com lists a post

office box in Crofton, Maryland, a fictitious phone number, and an email address.

The original summons was sent on that day via certified mail, return receipt requested

and postage prepaid, to the post office box, the only known address of defendant, pursuant to the

applicable rule for service in Md. Rule 2-121(a). Plaintiff did not receive either the return receipt

or the returned envelope, and was informed through attempts to track the letter that the U.S.

Postal Service was, for unexplained reasons, unable to deliver the envelope and unable to return

the envelope to the sender.

A second summons was issued on March 13, 2003, and sent the same day. The Postal

Service attempted numerous times to deliver the package, but it was not claimed. See copy of

returned envelope attached as Exhibit A hereto.

Counsel for plaintiff contacted defendant via email and attempted to reach an agreeable

resolution to the entire matter without further costs of litigation, including additional service

efforts. McCall responded that he would be out of the country for most of the summer, but

would "be happy to cooperate" when he returns August 5, 2003. See email dated June 19, 2003,

attached as Exhibit B hereto. In light of this possibility, FedEx did not taken action to proceed

with additional or alternate means of service until the Court issued an Order to Show Cause on

July 29, 2003.[1]

### Argument

Federal Rule of Civil Procedure 4(e)(1) authorizes service pursuant to the law of the state

in which the district court is located. Maryland Rule 2-121(a) provides that service may be made

upon an individual by mailing a copy of the summons and complaint by certified mail, return

receipt requested. Service is complete upon delivery. If the plaintiff has made good faith efforts

to serve the defendant through the means in Rule 2-121(a) and has been unsuccessful, Maryland

Rule 2-121(c) provides that "the court may order any other means of service that it deems

appropriate in the circumstances and reasonably calculated to give actual notice."

---

[1] Counsel sent another email to McCall on August 5, 2003, but no reply has been received as of the date of this filing.

In this case, service by publication is appropriate.  Plaintiff does not have a known physical address, only a post office box.  The telephone number provided by McCall on his domain registration is fictitious.  Moreover, "Bill McCall" may not be the defendant's actual name.  An email written by McCall to FedEx (attached as Exhibit B to the Complaint) requests payment for the domain name by check with a blank payable line, to be filled in by McCall.  Given defendant's attempts at concealing his identity and whereabouts, personal service is not likely.

On the other hand, publication would be reasonably calculated to give McCall actual notice of the claims against him.  McCall has already been notified by FedEx through email and regular mail that a complaint has been filed.  The post office box is in Crofton, Maryland.  If notice were published in a newspaper of general circulation in the area, McCall would be made sufficiently aware of the nature of the claims against him.

Conclusion

For the reasons stated, FedEx requests that the Court not dismiss the Complaint, but instead grant FedEx leave to serve defendant McCall by publication.  A proposed order is attached.

Respectfully submitted,


_____/s/ Edward J. Efkeman_____
Amy S. Owen (07772)
Edward J. Efkeman (15613)
Richards, McGettigan, Reilly & West, P.C.
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Phone: (703) 549-5353
Fax: (703) 683-2941

Counsel for Federal Express Corporation


3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response to Order to Show Cause and Motion for an Order of Publication was served by first-class mail, postage pre-paid, this 8th day of August, 2003, upon:

Bill McCall
P.O. Box 3815
Crofton, Maryland  21114

_/s/ Edward J. Efkeman_
Edward J. Efkeman
