IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.  JFM 02 CV 3982 |
| | ) | |
| | ) | |
| **BILL McCALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN
SUPPORT OF ITS MOTION FOR JUDGMENT BY DEFAULT**

Plaintiff Federal Express Corporation ("FedEx") submits this memorandum in support of its motion, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for a judgment by default.

Factual and Procedural Background

FedEx brought this suit to establish its rights in FEDEXCOM.COM, registered by defendant Bill McCall ("McCall") and to protect its rights in its protected marks. FedEx has obtained several United States trademark registrations for the marks FEDERAL EXPRESS, FEDEX, and others (the "FedEx Marks"). (Compl. ¶ 9). FedEx has continuously used the FedEx Marks in the business of providing express door-to-door delivery of documents, packages, and freight since well before the acts complained of in this matter, having begun operations in the United States in 1973. (Compl. ¶ 10). FedEx uses the FedEx Marks throughout the United States to identify transportation services and various other products and services. The FedEx Marks appear on items such as letterhead, packaging, vans, trucks and airplanes. This use has resulted in the general public, including recipients of items displaying the FedEx Marks, or

reasonable facsimiles thereof, to believe that such items originate with, are sponsored, endorsed, distributed or approved by, or are affiliated or connected with FedEx. (Compl. ¶ 15). FedEx utilizes extensive advertising mechanisms in promoting its FedEx Marks, including television, print and radio commercials. Cumulative advertising expenditures for the past ten years total over $525.1 million dollars. (Compl. ¶ 16). The FedEx Marks are extraordinarily well known with business and consumer users of FedEx services as well as the general public. The FedEx Marks have received wide exposure through the enormous number of packages, letterhead and vans, trucks and airplanes bearing these Marks, the large advertising expenditures and the huge number of "hits" received on a daily basis by the FedEx website. The FedEx Marks are among the most well known Marks in the United States. (Compl. ¶ 18).

This action involves defendant McCall's unauthorized registration of the domain name FEDEXCOM.COM.[1] McCall registered FEDEXCOM.COM on October 22, 2002, with GoDaddy.com. The registered address is a post office box in Crofton Maryland and the telephone number listed as (240) 345-6789 is fictitious. (Affidavit of Amy S. Owen in Support of Motion for Judgment by Default ("Owen Aff." submitted herewith, Ex. 1). The site directed visitors to a website for "Sex Spy" which, upon information and belief, contains pornographic material. (Owen Aff., Ex. 2).

In Fall 2002 FedEx contacted McCall objecting to his use of FEDEXCOM.COM and the FedEx Marks. (Owen Aff., Ex. 3) McCall would not execute the transfer agreement and FedEx filed this action on December 10, 2002, asserting a claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). (Owen Aff., Ex. 4)

---

[1] Plaintiff believes McCall purposefully used Fedexcom.com in the hopes that the internet user would come upon his website by making a typographical error while attempting to visit the FedEx website located at <www.fedex.com>.

2

Attempts at service via certified mail to the post office box were unsuccessful. The Court issued an Order of Publication on August 18, 2003  The Order was printed in the Washington Post on August 29, September 5 and September 12, 2003. The Order was also e-mailed to him on August 22, 2003 (Owen Aff., paragraph 7).

McCall has not filed any pleadings nor appeared in this action; his only response to the cease and desist demand and the lawsuit has been to evade service. FedEx now seeks entry of a judgment by default against McCall (a) ordering that the domain name FEDEXCOM.COM be transferred to FedEx; (b) awarding FedEx statutory damages for a violation of 15 U.S.C. § 1125(d)(1); (c) awarding FedEx its costs and fees in filing and serving this action; and (d) awarding FedEx $6,000 for its reasonable attorneys' fees for McCall's conduct in willfully and in bad faith initiating and continuing the misuse of FEDEXCOM.COM and the FedEx Marks despite notice of the misuse from FedEx and the commencement of this litigation.[2]

Argument

I. FEDEX IS ENTITLED TO A JUDGMENT BY DEFAULT

    A. **Standards for Granting a Judgment by Default**

A judgment by default shall be entered when the defendant fails to appear and defend. Fed. R. Civ. P. 55.  Court have entered judgment by default against defendants to ACPA claims in the past when the properly-served defendants have failed to appear, and has included in those judgments awards of statutory damages and attorneys' fees. See, e.g., Aztar Corp. v. MGM Casino, 59 U.S.P.Q.2d 1460 (E.D. Va. 2001); Playboy Enter., Inc. v. AsiaFocus Int'l, Inc., Civ. Action No. 97-734-A, 1998 U.S. Dist. Lexis 10459 (April 10, 1998) (adopting Report and Recommendation at 1998 U.S. Dist. Lexis 10359 (Feb. 2, 1998)) (both attached at Tab A).

---

[2] Defendant is not entitled to any relief under the Soldiers and Sailors Relief Act. (Owen Aff., paragraph 8).

The facts set forth in the Complaint and the conduct of the defendant after filing of the Complaint – including the complete failure to respond to the Complaint – warrant the entry of a judgment by default in favor of FedEx for all the relief sought.

### B. The Defendant's Conduct Violates Plaintiff's Rights Under the Lanham Act

The Anticybersquatting Consumer Protection Act imposes liability upon anyone who registers or uses a domain name that is identical or confusingly similar to a distinctive or famous mark, or dilutive of a famous mark, with the "bad faith intent to profit from that mark." 15 U.S.C. §1125(d)(1)(A). This law amended the Lanham Act to "clarify the rights of trademark owners with respect to bad faith, abusive domain name registration practices, to provide clear deterrence to prevent bad faith and abusive conduct, and to provide adequate remedies for trademark owners … ." S. Rep. No. 106-140, at 7-8 (1999).

The claim of FedEx stems from the simple and absolute appropriation by McCall of the FedEx Mark within the domain name FEDEXCOM.COM. McCall has no affiliation with FedEx. There can be no possible legitimate basis for McCall to register this name and to use the distinctive FedEx Marks, other than his own intent to direct and divert users to the website. FedEx, on the other hand, has spent substantial sums in promoting its FedEx Marks and as a result its Marks have become famous and distinctive marks throughout the United States. Registration and use of FEDEXCOM.COM, a domain name incorporating the famous FedEx Mark, plainly dilutes the distinctive quality of that well-known mark.

As to the element of bad faith intent to profit, at least seven of the nine statutory factors of 15 U.S.C. § 1125(d)(1)(B)(i) support such a finding:

> (I) It is clear that the registrant has no trademark or other intellectual property rights in the mark FEDEXCOM.COM;
>
> (II) FEDEXCOM.COM is not the registrant's legal name or otherwise used to identify the registrant;

4

(III) The registrant had no prior use of the name in connection with the bona fide offering of goods or services;

(IV) The nature of the website, including soliciting free trial memberships, negates any claim of noncommercial or fair use of the website;

(V) The infringing domain name is the exact name of the FedEx website with a typographical error, and therefore attempts to go to www.fedexcom.com will divert users directly to McCall's site, "Sex Spy" thus creating confusion as to the source, sponsorship, or affiliation of the website;

(VII) The address given by McCall to GoDaddy.com was not his accurate home address or telephone number; and

(IX) the infringing domain name contains FEDEX, a distinctive and famous mark.

Furthermore, the safe harbor provision of § 1125(d)(1)(B)(ii) does not apply. McCall has been on notice since before the Complaint was filed that he has no right to use the FedEx Marks, and has stated no grounds to believe his use was fair or otherwise lawful.

### C. Other Factors Favor Entry of a Judgment by Default

The various other factors that Courts may consider in determining whether to exercise their discretion to issue a judgment by default favor the relief sought here. First, the entry of judgment will not lead to an unduly harsh result. McCall was given an opportunity to cease his misuse of the infringing domain name without penalty, and he refused to accept it. McCall declined to defend his claim to the domain name or the marks in this Court.

Second, there is no good ground to set aside the default. As discussed earlier, McCall was properly served by publication and by e-mailing the Order of Publication to him. McCall has not responded. There are no reasonable bases for the defendant to seek to set aside the default.

Finally, and perhaps most importantly, the public interest requires the entry of judgment. Unless the Court takes action, members of the public will undoubtedly attempt to access a website owned by McCall under the mistaken belief that they are searching for a website

operated or controlled by FedEx. As a result, consumers will be given the impression that the site is endorsed by FedEx. Thus, the entry of a judgment by default requiring the offending domain name to be transferred to FedEx is necessary not only to protect mark rights but also to protect the public from fraud and confusion.

### D. The Defendant's Conduct is "Exceptional" and Warrants the Award of Attorneys' Fees

Section 1117(a) permits the Court to award a plaintiff reasonable attorneys' fees if the case is "exceptional." A case is "exceptional" if the defendant's conduct was "malicious, fraudulent, willful or deliberate in nature." Scotch Whisky Ass'n v. Majestic Drilling Co., Inc., 958 F.2d 594, 599 (4th Cir. 1991). McCall's conduct in this instance meets this standard.

McCall registered FEDEXCOM.COM. When confronted by FedEx, he gave no legitimate defense for his use of the domain name, but simply attempted to delay FedEx from taking legal action to recover its name. The Court can infer from the circumstances that McCall knew his claim had no merit and, instead of defending it in Court, was attempting to profit from it. Continuing infringing activities despite notice from the mark holder and despite commencement of the litigation makes a case "'exceptional' within the meaning of Section 1117 and warrants the award of attorneys' fees." Playboy Enters. Inc., 1998 U.S. Dist. Lexis 10359, at *25. In this case, FedEx requests attorneys' fees and expenses in the amount of $6,000. (Owen Aff., pargraph 9)

### Conclusion

For the reasons set forth above, this Court should enter judgment by default against the defendant McCall and issue an appropriate order:

6

(a) declaring that McCall has violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

(b) ordering that the registration for FEDEXCOM.COM be transferred to plaintiff Federal Express Corporation;

(c) awarding FedEx statutory damages pursuant to 15 U.S.C. § 1117(d); and

(d) awarding FedEx its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

Respectfully submitted,

_____/s/ Amy S. Owen_____
Amy S. Owen (07772)
Edward J. Efkeman (15613)
Richards, McGettigan, Reilly & West, P.C.
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Phone: (703) 549-5353
Fax: (703) 683-2941

Counsel for Federal Express Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of Motion for Judgment by Default was served via e-mail and first-class mail, postage pre-paid, this 31st day of October, 2003, upon:

Bill McCall
P.O. Box 3815
Crofton, Maryland  21114

                                                /s/ Amy S. Owen
                                      Amy S. Owen